Barnard, P. J.
The defendant made and delivered a note to William B. Eagan for $316.53, on the 1st of July, 1885, payable on demand. The holder of the note is dead, and in an action to recover the amount of the note the defendant avers want of consideration as a defense. Certain facts are undisputed. Emma A. Eagan, deceased, was the mother of five children, all living at her decease. William B. Eagan and the defendant were two of them. The mother left a very small estate, and left some debts. The deceased left a will, and the executors named refusing to qualify, the husband of deceased, William F. Eagan, was appointed administrator with will annexed. The defendant, after her mother’s death, borrowed of Robert A. Wood $305 upon her personal credit, to buy a plot and bury her mother. This sum was after-wards paid by William B. Eagan. The goods and chattels of deceased were sold at auction, and brought some $1,200 and up *158 wards. The administrator with will annexed was deemed unreliable, and the attorney who managed for the estate advised that it be used for the payment of debts by Wm. B. Eagan. William B. Eagan reported to the attorney that he had used it up, as far as it went, and that he had paid out beyond this vendue money.
The managing attorney told William B. Eagan that he would hold him harmless against the administrator in paying the debts. Among other payments, one was made to this managing attorney. After the debts were all paid, William B. Eagan made a statement to the attorney that he had sold the personal effects and received the money and had paid all the debts, and that the defendant’s share of the excess was $316.43. He requested the attorney to draw up a note for that amount, which he did, and a day or two after the defendant went to the attorney’s office and was told that the debts had been paid and that one-fifth of the excess over the amount received was $316.43.
The defendant, upon this statement being made, to her, signed the note and the attorney delivered it to William B. Eagan. The evidence is only conflicting in one material respect. The defendant denies all knowledge that she was a party to any arrangement by which the debts were to be paid on the credit of the children without regard to the amount of the estate. It is proven that the defendant knew that the debts were being paid in advance of due legal forms. She made this reply to an application for payment of the Wood loan.
The defendant endorsed a check for $200, which paid a debt to one Morris. The defendant, when the statement of the basis for the note was made to her, admitted a previous agreement that she would pay one-fifth of the excess of the debts over the estate, and she admitted the statement itself. She simply says no detailed statement of receipts and payments was given her. She asked for none. The claim was made to the attorney who then represented the estate and now represents himself. He honorably reported the claim to her and saw her sign the note, and afterwards delivered it to defendant. It is inconceivable that the parties did not know the facts. After the death of William B. Eagan the note, based voluntarily on a general statement, should not be avoided because of a failure to ask for further evidence of the claim. Moreover, the defendant’s own personal loan was included in the payments, and she was discharged from the payment of it. We think the note had a good consideration. One is implied from the giving of the note, and no failure is shown by the evidence.
The judgment should therefore be reversed and a new trial granted, costs to abide event.
Pratt, J.
The making and delivery of the note were evidence of a good consideration, and the main question is whether the presumption of law to that effect is rebutted.
It must be observed that it was not delivered to the payee as a matter of favor. He claimed it as his due; the maker assented to the correctness of his claim, and delivered the note in its discharge.
*159 Death prevents the payee from stating his side of the case. The maker was permitted, apparently without objection, to testify that there was no consideration; but she failed to show any reasonable ground for giving the note, unless she was under obligation so to do.
The evidence gives reason to believe that the debts of Mrs. Egan, deceased, were paid upon a mutual agreement between her children, by which the burden was to be borne by them equally r and that the amount of the note was the share of defendant,, which was advanced at her request by plaintiff’s intestate.
Upon no other theory can the evidence be nearly harmonized. If shown, that would supply a full consideration for the note, and, if it be not distinctly proved, it tends to support the legal presumption that a good consideration existed.
It was testified without contradiction by Mr. Mead that he sold a burial plot to the defendant in which to place the mother’s remains, for the price of §305, and that her debt to him thus-arising was discharged by plaintiff’s intestate.
That affords a good consideration for the note, and would, with the other proof, have abundantly justified a judgment for plaintiff.
Defendant was asked if she received after her mother’s death any portion of her mother’s accumulations of money. The evidence was objected to, and excluded. It might well have been admitted, and would perhaps have afforded proof of a consideration for the note.
The judgment should be reversed, new trial ordered, with costs to abide the event.
Dykhan, J., not sitting.